UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LAWRENCE TROY TOMLINSON, ET AL**          CIVIL ACTION

**VERSUS**                                  NO:     06-0617

**ALLSTATE INDEMNITY COMPANY**              SECTION: "F" (4)

### ORDER

Before the Court is a **Motion and Order for Leave of Court or in the Alternative, Notice of Hearing and Incorporated Memorandum(doc. # 4)** filed by the plaintiffs, Lawrence Tomlinson and Elizabeth Bowman Tomlinson, individually and on behalf of their two minor children, seeking leave of this Court to file an amended complaint adding as a defendant their insurance agent, Lisa Matherne.  They also seeks sanctions for the defendant, Allstate Insurance Company's ("Allstate") failure to consent to the amendment.

Allstate filed a timely opposition motion.  The matter was heard with oral argument on  March 29, 2006.

### I.      Factual and Procedural Background

On January 17, 2006, Lawrence Tomlinson and Elizabeth Bowman Tomlinson, individually and on behalf of their two minor children, brought an action against Allstate Indemnity Company  in the 24th Judicial District of Jefferson Parish, alleging that Allstate acted in bad faith pursuant to Louisiana state law by not tendering their claim within 30 days.  The plaintiffs allege that their house

located at 17 Madewood Drive, Marrero Louisiana, suffered extensive wind damage from Hurricane Katrina. Allstate removed the claim to this Court, alleging complete diversity among the parties and an amount in controversy in excess of $75,000.00. Allstate answered on February 16, 2006.

The plaintiffs filed the subject motion on March 1, 2006, alleging that certain answers by Allstate implicate its insurance agent Lisa Matherne. Specifically, the plaintiffs allege that Allstate's claim that the plaintiffs' claims are barred by their failure to mitigate raises an issue of breach of fiduciary duty by Matherne because it was Matherne who should have instructed the plaintiffs on how to mitigate their claim. The plaintiffs also seek to state a negligence claim against Matherne.

Allstate objects to the attempted amendment on several grounds. First, Allstate alleges that the amendment seeks to destroy diversity and thus deprive this Court of jurisdiction. Allstate also alleges that the proposed amendment is futile.

The District Court has not entered a scheduling order, thus at ths outset, Federal Rule 15 applies to this analysis.

## II.    Standard of Review

Federal Rule of Civil Procedure 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. PROC. 15(a). This, and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). And, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted

even though the original pleading is defective in its statement of a claim for relief or defense. *Id.*

However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

If the court concludes, however, that the motion to amend the complaint will add a non-diverse defendant in a removed case, "the court should scrutinize the amendment more closely than it does an ordinary amendment." *Campagna v. Averitt Express, Inc.*, CIV.A.99-10007, 1999 WL 386652 (E.D. La. June 10, 1999) at *1. Accordingly, the Court reads the requirements of Rule 15 in conjunction with 28 U.S.C. § 1447(e).

Tile 28 U.S.C. § 1447(e) provides in part that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). This is such a case. In *Hensgens v. Deere & Co.*, the Fifth Circuit articulated four criteria that the court considers when balancing the defendants interest in maintaining its chosen forum with the interests of the plaintiff. *See* 833 F.2d 1179, 1182 (5th Cir. 1987). The court considers "(1) the extent to which joinder of the non-diverse defendant is sought to defeat diversity; (2) whether the plaintiff has been dilatory in seeking to add the party; (3) whether the plaintiff will be significantly injured if the requested amendment is not allowed; and (4) any other factor bearing on the equities." *Jackson v. Wal-Mart Stores, Inc.*, CIV.A.03-2184, 2003 WL 22533619, at *2 (E.D. La. Nov. 5, 2003) (*citing*

*Hensgens*, 822 F.2d at 1183).

**III.     Analysis**

    **A.     The *Hensgens* Factors**

        **1.     Joinder As Attempt to Defeat Diversity**

The Court first turns to whether the plaintiffs seek to join Matherne in an attempt to defeat diversity.  The plaintiffs contend that joinder is not an attempt to defeat diversity jurisdiction because they only became aware of the possible causes of action after Allstate filed its answer.  The plaintiffs argue that Allstate's affirmative defense that they failed to mitigate their damages implicates Matherne. According to the plaintiffs, because Allstate is asserting this defense, Matherne must have been negligent in her duty to advise the plaintiffs on properly mitigating damages.

Allstate contends that the plaintiff's complaint against Matherne asserts causes of action that were known to the plaintiffs when they filed the state court action.  Allstate contends that because the plaintiffs were aware of the causes of action but chose not to pursue them in the state court action, the plaintiffs late attempt to add Matherne is merely an attempt to defeat diversity jurisdiction. In support, Allstate cites to *Irigoyen v. State Farm Lloyds*, CIV.A.03-324, 2004 WL 398553 (S.D. Tex. Jan. 5, 2004).

In *Irigoyen*, the plaintiffs attempted to add, through an amended complaint, two insurance adjusters as non-diverse defendants.  *Id.* at *1.  The *Irigoyen* Court denied the amendment, noting that the plaintiffs' assertions that they inadvertently omitted the adjusters but alleged the same causes of action against them was "fanciful."  *Id.* at *4.  The Court also noted that the adjusters' role in the disputed insurance claim was also known when the plaintiffs filed their complaint and thus seemed to be an "additional attempt to defeat diversity jurisdiction."  *Id.*

Here, the plaintiffs allege that they were unaware of Matherne's alleged breach of fiduciary

duty and negligence until after Allstate filed their answer. The Court notes that the proposed complaint alleges that "[t]hese [a]ffirmative defenses raise the issues of agent, Lisa Matherne's negligence in handling the Tomlinson's claim and insurance matters and Matherne's fiduciary duty, among others, to handle their claims effectively." (Prop. Am. Cmpl. ¶III). However, the Court notes that all the facts alleged by the plaintiffs in their proposed amended complaint occurred prior to the filing of the state court petition.

>For instance, the proposed complaint alleges that
>
>Agent Lisa Matherne took no steps to handle this claim properly for her insureds by inspecting the home to make sure her longtime customers made the proper insurance claim, by being present at the inspection to assist in the proper handling of the claim for her insureds, by advising her insureds as to mitigation of damages, by advising them of the limitations of coverage that would cause parts of their claim to be denied, and generally insuring their coverage was sufficient to cover their losses.

While the plaintiffs mention mitigation of damages, the crux of their claim is that Matherne did not help them settle their claim quickly enough and to their satisfaction. The plaintiffs also seek to allege in their complaint that they called Matherne "on several occasions to discuss their claim immediately after Hurricane Katrina hit . . . . At no time during this process did Matherne help the petitioners in any way with their claim , and in fact, petitioners mailed her a courtesy copy of the Petition for Damages in this matter and she still did not contact them to inquire as to any assistance they may have needed with the claim." (Prop. Am. Cmpl. ¶III). Once again, the plaintiffs proposed complaint targets actions, or inaction taken by Matherne prior to the filing the of the state court petition.

When courts analyze the first *Hensgens* factor, they consider "whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Schindler v. Charles Schwab & Co.*, CIV.A.05-0082, 2005 WL 1155862, (E.D. La. May 12, 2005) at

\*3. Courts have concluded "that a plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knows` of a non-diverse defendant's identity . . . suggests that the purpose of the amendment is destroy diversity." *Id.* Because the Court concludes that the plaintiffs were well aware not only of Matherne's identity but also her actions before the state court complaint was filed, the first Hensgen factor weighs against the granting of the amendment.

However, this does not end the analysis as Courts have held that the first factor is "not dispositive of this Courts' inquiry."    *Schindler v. Charles Schwab*, CIV.A.05-0082, 2005 WL 1155862, at \*4 (E.D.La. May 12, 2005).

### 2. **Dilatory**

The Court next turns to whether the plaintiffs are dilatory in seeking the amendment. The plaintiffs allege that they are not dilatory because they filed the amendment less than two weeks after receiving Allstate's answer and allege that it was Allstate's answer that prompted the proposed amendment.

Allstate alleges that the plaintiffs were dilatory because they knew of the existence of Matherne at the time the complaint was filed but chose not to include her. For support, Allstate again relies on *Irigoyen* which noted that another court concluded that "where a plaintiff knows specifically of an adjuster's role in an insurance dispute but does not sue that adjuster in their original complaint in state court, a later attempt to join that nondiverse adjuster in an amended pleading has been considered dilatory conduct." *Irigoyen*, 2004 WL 398553 at \*4. However, this Court notes that the *Irigoyen* Court found the proposed amendment dilatory because the plaintiffs waited three and a half months after filing the complaint and two and a half months after the defendants filed for removal before moving to amend. *Id.*

When determining if a plaintiff was dilatory in seeking to amend, "courts often look to the

amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between removal and the amendment." *Schindler*, 2005 WL 1155862 at *4. In *Schindler*, the Court concluded that an amendment filed a month and half after the state court petition and less than thirty days after the case was removed was not dilatory. *Id.*; *cf Ellsworth, Leblanc, & Ellsworth, Inc. v. Strategic Outsourcing, Inc.*, CIV.A.03-0613, 2003 WL 21783304 (E.D.La. July 30, 2003)(concluding that waiting more than two months after filing the petition and thirty days after removal was dilatory).

In this case, the plaintiffs filed their motion to amend approximately six weeks after the filing of their petition in state court and approximately two and a half weeks after Allstate removed the motion. Based on the foregoing timeline, the Court concludes that the proposed amendment is not dilatory.

### 3.   **Potential Injury to the Plaintiffs**

The Court next turns to the potential injury the plaintiffs could face if they cannot amend their complaint. In this case, the plaintiffs failed to articulate any potential injury.

Allstate alleges that the plaintiffs will not suffer any injury because their cause of action against Matherne is time-barred. Allstate alleges that under Louisiana Revised Statute 9:5606, all actions against insurance agents must be brought within one year of the alleged omission. Allstate claims that the plaintiffs acquired their policy on August 21, 2003 and thus any cause of action expired on August 22, 2004. Because the plaintiffs filed this claim in January, 2006 and filed this motion on March 1, 2006, Allstate contends that their claims are perempted.[1]

---

[1] Louisiana Revised Statute 9:5606 provides that
[n]o action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or

Allstate contends that Louisiana courts have concluded that the "peremptive period commences at origination of the insurance policy and rejected the notion that it commences the date the claim is not paid to satisfaction." (Def. Mem. at 4-5). Allstate cites to two state appellate court decisions it contends supports its position. However, neither of the decisions held that the one year peremptive period began running at issuance of the policy.

The first case, *Roadhouse Bar-B-Que, Inc. v. Certain Underwriters at Lloyds*, concerned a claim by the plaintiff that the coverage provided by the insurance company was too low. *See* 909 So.2d 619 (La.App. 3 Cir. 2005). In *Roadhouse*, the court rejected the claim by the plaintiff that the date the peremption period began running was the day its claim was not paid to its satisfaction, instead noting that "the salient issue is when Roadhouse knew or should have known that the policy did not provide the coverage it wanted." *Id.* at 624. Thus, the *Roadhouse* Court did not hold that the peremptive period began running at the issuance of the policy, instead it concluded that the peremptive period began running when the plaintiff was put on notice, which occurred sometime within the first year. *Id.*

The second case, *Calvin v. Janbar Enterprises, Inc.*, also involved an action against an insurance agent for failure to provide sufficient liability insurance. *See* 856 So.2d 88 (La. App. 4th Cir. 2003). However, the *Calvin* Court only mentioned the three year peremptive period and therefore does not support Allstate's position that the one year period begins running at the issuance of the policy. Indeed, other courts have concluded that the one year period of peremption begins when the plaintiff discovered the omission, not when the policy was issued. *See Bel v. State Farm*, 845 So.2d 377, 383 n.6 (La. App.1 Cir. 2003).

---

neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

However, before this Court considers whether a peremptive period has run, this Court first considers whether the plaintiffs state any claim at all.  In this case, the plaintiff seeks to allege two types of inter-related claims against Matherne.  The first claim is a breach of fiduciary duty claim and the second claim is that the Matherne negligently failed to assist them in settling their claim.

### A. Breach of Fiduciary Duty

The plaintiffs allege that Matherne breached her fiduciary duty by her "complete lack of assistance and cooperation" and by her failure "to handle their claims effectively."  (Prop. Am. Cmpl. ¶ III, V). The do not however, cite any cases in support of their claims.

Indeed, this Court notes that under Louisiana law, "an insurance agent is deemed the representative of the insurer, and [she] therefore does not have a fiduciary relationship with the insured." *Halter v. Allamerica Financial Life Ins. & Annuity Co.*, CIV.A.98-0718, 1998 WL 516109 (E.D.La. Aug. 19, 1998).  While the Court notes that Louisiana courts sometimes find that a duty exists between an insured and the agent, the duty arises under entirely different circumstances, such as when the agent agrees to procure insurance, and then fails to procure the insurance. *See Chandler v. Jones*, 532 So.2d 402, 405 (La. App. 3 Cir. 402, 405-406).  Here, Matherne's alleged breach occurred well after the plaintiffs purchased the insurance.  Accordingly, in the absence of a fiduciary duty, the plaintiffs' claim that Matherne breached her fiduciary duty to the plaintiffs is futile.

### B. Negligence

The plaintiffs appear to attempt to state a claim sounding in negligence for Matherne's failure to properly handle the claim, by her failure to be present at the inspection to assist in the proper handling of the claim, and by failing to advise them how to mitigate their damages.  Louisiana uses "the duty-risk analysis to determine whether the law permits a person to recover for a tort." *Margone, L.L.C. v. Addison Resources, Inc.*, 896 So.2d 113, 119 (La. App. 3 Cir. 2004).  The duty-risk analysis

"involves questions of duty, breach of duty, scope of duty, causation, and injury." *Id.*

However, once again, the plaintiffs cite to no authority for the proposition that Matherne had a duty to help properly handle the claim. Indeed, this Court finds no legal support for such a claim against the agent. Nor have the plaintiffs alleged any facts that could give rise to such a duty in these circumstances. Any cause of action for failure to properly handle the claim would be against the insurance company. Thus, the plaintiffs' attempt to state a claim is futile.

Accordingly, this Court concludes that the because Matherne's proposed amended complaint fails to state a cause of action, denying the amendment would not be prejudicial.

### 4.  **Other Factors**

Finally, this Court analyzes any other factors bearing on the equities. The plaintiffs again failed to raise any equitable considerations. However, Allstate contends that it has an interest in a federal forum.

In this case, these factors require the Court to balance the competing interests. Courts have noted that the defendant "has a compelling interest in maintaining the federal forum. The rationale behind removal statutes is that diverse defendants have an option of selecting a state or federal forum." *Campagna*, 1999 WL 386652 at * 2. However, there is "also the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources." *Hensgens*, 833 F.2d. at 1182.

In this case, the plaintiffs offered no reason why they could not pursue any action against Matherne separately in a state court action. In contrast, the Court recognizes Allstate's interest in maintaining its chosen forum. Accordingly, after examining all the factors, the Court concludes that the factors weigh in favor of denying the amendment.

### B.  **Sanctions**

The plaintiffs seek sanctions for Allstate's failure to consent to the amendment. Under Local Rule 7.6, if a party fails to consent to a proposed amendment and "the court finds that opposing counsel does not have a good faith reason for failing to consent, the court may impose such sanctions as it deems proper." L.R. 7.6. In this case, considering that the Court denies the amendment, sanctions are not proper.

Accordingly,

**IT IS ORDERED** that the plaintiffs' **Motion and Order for Leave of Court or in the Alternative, Notice of Hearing and Incorporated Memorandum(doc. # 4)** is **DENIED.**

New Orleans, Louisiana, this 12th day of May, 2006

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**