UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAWRENCE TROY TOMLINSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-0617** |
| **ALLSTATE INDEMNITY COMPANY** | **SECTION: "F" (4)** |

## ORDER

Before the Court is **Allstate's Motion for Expedited Hearing on its Motion to Quash (doc. # 88)** filed by the defendant, Allstate Indemnity Company, seeking an expedited hearing on its separately filed motion to quash. The motion to expedite is granted.

The Court next turns to **Allstate Indemnity Company's Motion to Quash Subpoena Duces Tecum (doc. # 87)** filed by Allstate seeking an order from this Court quashing a subpoena duces tecum issued to a non-party with a return date of February 5, 2007, although the cover letter indicates that if the "documents are produced to us by January 26, 2007, in our office, there will be no need to appear at trial." (Rec. Doc. No. 88, Ex. A).[1]

The subpoena was mailed to Pilot's agent in Mobile, Alabama and purports to require Pilot Catastrophe Services, Inc., to produce documents at trial on February 5, 2007 at the United States District Courthouse in New Orleans, Louisiana. The subpoena was issued by the United States

---

[1] The Court concludes that Allstate has standing to attack the subpoena because a it has a personal right or privilege in respect to the subject matter of the subpoena or a sufficient interest in it. *Westside-Marrero Jeep Eagle, Inc. v Chrysler Corp.,* 1998 WL 186705, *4 (E.D.La. 1998) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979)). Here, the subpoena seeks, among other things, "all contracts between Pilot and Allstate" and "all materials given to Pilot by Allstate . . . regarding how to handle claims . . . including pricing of claims."

District Court for the Eastern District of Louisiana.

The subpoena is procedurally flawed because a non-party located in Mobile Alabama is outside the subpoena power of the Court. Federal Rule 45 sets geographical limits on the subpoena power of the Court providing that "a subpoena may be served at any place within the district of the court by which it is issued, or any place without the district that is within 100 miles of the place of the deposition, hearing, trial production, or inspection specified in the subpoena." FED. R. CIV. P. 45(b)(1); *Legion Ins. Co. v. John Hancock Mut. Life Ins. Co.,* 33 Fed. Appx. 26, 28 (3d Cir. 2002).

The Tomlinsons seeks the production of documents at the Court on the day of trial. Mobile, Alabama is more than 100 miles away from the Court. Thus, the subpoena is improper and is quashed.

Accordingly,

**IT IS ORDERED** that **Allstate's Motion for Expedited Hearing on its Motion to Quash (doc. # 88)** is **GRANTED**.

**IT IS FURTHER ORDERED** that **Allstate Indemnity Company's Motion to Quash Subpoena Duces Tecum (doc. # 87)** is **GRANTED**.

**IT IS FURTHER ORDERED** that **Allstate Indemnity Company's Request for Oral Argument on Its Motion to Quash Subpoena (doc. #89)** is **DENIED**.

New Orleans, Louisiana, this 26th day of January, 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**