UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE TROY TOMLINSON and ELIZABETH BOWMAN TOMLINSON, Individually and as parents and natural tutors of KATHLEEN K. TOMLINSON and SEAN V. TOMLINSON | CIVIL ACTION |
| VERSUS | NO. 06-617 |
| ALLSTATE INDEMNITY COMPANY | SECTION "F" |

<u>ORDER AND REASONS</u>

Before the Court is the defendant's motion for partial summary judgment.  For the reasons that follow, the defendant's motion is GRANTED.

<u>Background</u>

The roof of the Tomlinsons' home in Marrero, Louisiana, was damaged by Hurricane Katrina, leading to the intrusion of water into the home.  The amount of damage to the roof, the damage caused by water intrusion, and the necessity of repairs is disputed, as is both parties' compliance with the assessment and claims-handling process.  The Tomlinsons filed suit against Allstate on January 17, 2006, and, to date, Allstate has paid approximately $150,000 on a

1

policy worth approximately $376,300.[1]

In their complaint, the Tomlinsons itemized their damages and made claims for the following:

> A. Property damage to the immovable property at 17 Madewood Drive, Marrero, Louisiana, past, present and future;
> B. Continued decay of the immovable property due to defendant's failure to timely adjust the claim;
> C. Past, present and future pain and suffering resulting from Allstate's inaction and bad faith;
> D. Past, present and future medicals for the minor children;
> E. Past, present and future negligent and intentional infliction of emotional distress;
> F. Additional living expenses due to the immovable property being uninhabitable;
> G. Repairs and/replacement including but not limited to tree removal and replanting trees destroyed by the storm;
> H. Movable property damage;
> I. Monies spent and interest paid to creditors to begin work on property, and pay for living expenses and the like;
> J. Bad faith and/or punitive damages as a result of Allstate's bad faith in this matter; and
> K. Any and all other damages as will be more fully proved at the trial of this matter.

Allstate now moves for partial summary judgment, requesting the Court to dismiss claims B, C, D, E, and I in Part XIV of the

---

[1] The policy provides $198,000 plus 20% for structural damage; $19,800 for "other structures" including a garage; $148,500 for contents; $10,000 for mold removal; and 12 months' additional living expenses. Although the parties' reports of payments do not agree, the record appears to reflect that Allstate has paid approximately half of the policy limits for structural damage and "other structures," a fraction of the limit for contents, the entire limit for mold removal, and $28,300.03 for additional living expenses. The payment for additional living expenses is contested because Allstate asserts that the plaintiffs submitted a fraudulent claim.

2

complaint.  Allstate argues that no factual bases exist to support these claims, and that at least one item fails to state a claim under Louisiana law.  The plaintiffs are willing to withdraw their claim for past, present, and future medical expenses for their minor children, but continue to seek damages for the other claims.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," then summary judgment is appropriate.  Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex

3

Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

II.

A. Continued Decay of the Immovable Property Due to the Defendant's Failure To Adjust the Claim Timely

Summary judgment is appropriate for this claim because no genuine issue of material fact exists regarding the decay of the property.  In her deposition in December 2006, the plaintiff, Elizabeth Bowman Tomlinson, was asked if any decay occurred as a result of delay.  She explained that she and her co-counsel included the claim "out of an abundance of caution, from a legal maneuver, as a potential cause of action," but that she "would say the property did not continue to decay, but based on Troy's actions of trying to get the water out versus any action on the part of Allstate."  The plaintiffs by their own admission admit that the

home did not decay in the months after the storm, for whatever reason, and they have presented no evidence to the contrary.[2] Therefore, the Court finds no factual basis to support this claim and grants summary judgment for Allstate.

> B.  Past, Present, and Future Pain and Suffering, and
>    Negligent or Intentional Infliction of Emotional
>    Distress from Allstate's Inaction and Bad Faith

Summary judgment is appropriate because Louisiana law recognizes no cause of action for pain and suffering or infliction for emotional distress against an insurer when it is charged with a breach of a contract or of its duty of good faith and fair-dealing.  See Robin v. Allstate, 870 So.2d 402 (La. App. 2004)(citing Theriot v. Midland Risk Ins. Co., 694 So.2d 184 (La. 1997).  The plaintiffs rely on Gulf States Land & Development v. Ouachita National Bank, 705 So.2d 189 (La. App. 1997) to support the breach of contract claim.  This case describes an appeal of four consolidated state cases, arising from a breach of contract between private parties and did not involve an insurer's breach of contract; reliance on that decision is inappropriate.

The plaintiffs invoke Louisiana Civil Code Article 1998 and

---

[2] Local Rule 56.2 requires that every pleading opposing summary judgment include a separate statement of material facts as to which there exists a genuine issue to be tried.  The plaintiffs did not include this exhibit; therefore, under the Local Rules, this Court must admit the statement of material facts offered by Allstate as uncontested for the purposes of this motion.

5

three Louisiana cases to support their claim for negligent and intentional infliction of emotional distress as a result of Allstate's claims-handling.  Plaintiffs erroneously interpret Article 1998, which provides damages for nonpecuniary losses only for breach of those contracts that are "intended to gratify a nonpecuniary interest" or when the "obligor intended, through his failure, to aggrieve the feelings of the obligee."  A contract for insurance is not intended to gratify a nonpecuniary interest, nor is there any record evidence to show that Allstate intended to hurt the Tomlinsons' feelings, humiliate, or embarrass them in any way by failing to pay their insurance claims.  Further, the state courts in the cases the plaintiffs cite grant damages only pursuant to  Louisiana Revised Statute 12:1220, not for independent causes of action for infliction of emotional distress.  The plaintiffs have already made a claim under La. R.S. 12:1220 in Part XIII of their complaint.  Therefore, the Court grants summary judgment for the defendant and dismisses the plaintiffs' claims for pain and suffering and for negligent and intentional infliction of emotional distress for failure to state a claim as matter of law.

> C.  Monies Spent and Interest Paid to Creditors To
> Begin Work on Property and for Living Expenses

Summary judgment is appropriate for part of this claim because no genuine issue of material fact exists regarding the amount of money paid to creditors.  In her deposition, Mrs. Tomlinson

admitted that her family had been "paid by Allstate...more than [they have] spent so far in [the repairs of their] house." Again, she admits that the claim was inserted into the complaint and every complaint against insurers generated by her law firm "out of an abundance of caution," but that she "didn't believe" that she or her husband took out any loans to pay contractors.

The plaintiffs do not, and can not, contest these statements, see supra note 2, but they offer an affidavit from Mr. Tomlinson, who states that but for Allstate's non-payment of their homeowners' claim, he would have not refinanced properties to obtain equity and he would have bought income-producing properties. This information, however, is useless to the Court in evaluating this motion because mere allegations in the form of patently self-serving affidavits do not create an issue of fact precluding summary judgment. See Lechuga v. Southern Pacific Transp. Co., 949 F.2d 790, 798 (5th Cir. 1992). Further, the record indicates that this is the first time this information has been disclosed, and, therefore, the information is inadmissible under Rule 37(c) of the Federal Rules of Civil Procedure. See Jones v. E.R. Snell Contractor, Inc., 333 F.Supp.2d, 1344 (N.D. Ga. 2004).

Therefore, the Court grants summary judgment for the defendant and dismisses all claims for monies spent and interest paid to creditors to begin work on the plaintiffs' damaged property. The claim for living expenses, however, is still recognized as a valid

claim.[3]

Accordingly, Allstate's motion for partial summary judgment is GRANTED.  The plaintiffs' claims against Allstate for continued decay of the immovable property, pain and suffering, medical bills for the minor children, negligent and intentional infliction of emotional distress, and monies and interest paid to creditors for repairs are hereby dismissed.

New Orleans, Louisiana, January 31, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] Allstate has paid $28,300.03 to the plaintiffs for additional living expenses.  Neither party briefed this issue in the pleadings, and the record reflects that this payment is the source of contested issues of fact.