UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE TROY TOMLINSON, ET AL. | CIVIL ACTION |
| v. | NO. 06-617 |
| ALLSTATE INDEMNITY CO. | SECTION "F" (4) |

ORDER AND REASONS

Before the Court is the defendant's motion, objecting to the Magistrate Judge's order compelling the production of a list of all lawsuits filed by homeowners against the defendant in Jefferson Parish, Louisiana, as a result of Hurricane Katrina.  For the reasons that follow, the defendant's motion is DENIED.

Background

The plaintiffs own a residence in Marrero, Louisiana that sustained wind damage to the roof during Hurricane Katrina, resulting in water intrusion.  On January 17, 2006, the plaintiffs filed suit against Allstate Indemnity Co., alleging that Allstate violated a Louisiana bad-faith statute by not tendering their claim timely.  Allstate removed the claim to this Court on February 9, 2006, invoking this Court's diversity jurisdiction.

The plaintiffs presented Allstate with a set of interrogatories on October 26, 2006 and requested the production of certain documents.  The plaintiffs were not satisfied with the

responses. They moved to compel discovery, and the magistrate judge granted the motion in part. Of relevance here, the magistrate judge ordered Allstate to answer Interrogatory Number 5, which sought the number of claims and the number of lawsuits by homeowners against Allstate resulting from the damages caused by Hurricane Katrina. The plaintiffs agreed to narrow the scope of Interrogatory Number 5 by requesting that Allstate produce a lawsuit list of only homeowners' claims in Jefferson Parish resulting from Hurricane Katrina, and the magistrate judge ordered Allstate to respond to the modified request.

Allstate moved for reconsideration of the magistrate judge's order on January 18, 2007. That motion is currently pending in the magistrate court.

Allstate filed a Rule 72 objection to the magistrate judge's order, which is before this Court. Allstate only challenges one part of the Magistrate Judge's order: that part pertaining to Interrogatory Number 5. Allstate claims that the magistrate judge's order is clearly erroneous because production of the lawsuit list "cannot lead to discovery of admissible evidence and is irrelevant," and the creation of the lawsuit list would be "unduly burdensome."

I.

A judge of this Court may modify or set aside any portion of the magistrate judge's order on a non-dispositive matter "where it

2

has been shown that the magistrate judge's order is clearly erroneous or contrary to law." § 636(b)(1)(A).  A party has ten days, after being served with a copy of the magistrate judge's order, to object to the order.  Fed. R. Civ. P. 72(a).

Generally, discovery matters are committed almost exclusively to the sound discretion of the trial judge and the judge should "adhere to the liberal spirit of the Rules" of Civil Procedure. Burns v. Thiokol Chem. Corp., 483 F.2d 300, 304-05 (5th Cir. 1973); see also Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 618 (5th Cir. 1977) ("[T]he scope of discovery lies within the sound discretion of the trial court.").  A magistrate judge's discovery order will be will be reversed by the district court only if the court finds the order clearly erroneous or contrary to law.  28 U.S.C. § 636(b).

II.

A.

The plaintiffs initially question the timeliness of Allstate's Rule 72 motion.  The magistrate judge's order was issued on January 8, 2007, and Allstate did not file its Rule 72 motion until January 22, 2007, after more than ten days had elapsed.  See Fed. R. Civ. P. 72(a).  Nevertheless, Allstate's motion is timely because "during the pendency of a motion for reconsideration before a magistrate judge, the time for filing an objection to the District Court is tolled."  Norex Petroleum Ltd. v. Access Indus., Inc., No.

02 Civ.1499 LTS KNF, 2003 WL 21872389, at *2 (S.D.N.Y. Aug. 7, 2003) (citing <u>EEOC v. Venator Group Specialty, Inc.</u>, No. 99 Civ. 4758(AGS), 2001 WL 246376, at *4 (S.D.N.Y. Mar. 12, 2001); <u>Yurman Design Inc. v. Chaindom Enters.</u>, No. 99 Civ. 9307(JFK), 2000 WL 1871715, at *1 (S.D.N.Y. Dec. 20, 2000)).  Thus, the Rule 72 clock has been tolled since January 18, 2007, when Allstate filed its motion for a rehearing, placing it within Rule 72's ten-day window.

B.

Interrogatory Number 5, to which Allstate objects, states:

> Exclusive of the claim in the instant suit, how many claims were made with Allstate in any of its corporate forms, and how many lawsuits were filed against Allstate for property damages as a result of the damages caused or exacerbated by the August 29, 2005 hurricane known as Hurricane Katrina in the State of Louisiana?  As to each of these claims and lawsuits in the State of Louisiana, please state: (a) the nature, whether homeowners or flood, of each such claim and the name and address of each person, firm or corporation who made the claim; (b) whether or not suit was filed against Allstate in connection with said claim and/or damages, and, if so, the date each suit was filed, the court in which each suit was filed, the title and record number of each suit and the final disposition thereof or the present status thereof.

The plaintiffs, however, agreed to "narrow the request to Allstate producing a lawsuit list of only homeowner's claims in Jefferson Parish resulting from Katrina,"  and the magistrate judge granted the plaintiffs' motion to compel Allstate to respond to the Interrogatory "as modified."  Allstate, nevertheless, claims that

the Interrogatory is "overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence."

The magistrate judge concluded that "the request, as limited, could lead to admissible evidence because how Allstate has acted in response to the filing of lawsuits could tend to prove a bad faith claim."  This conclusion is not clearly erroneous or contrary to law.  The magistrate judge, after a hearing on the issue, had superior knowledge and understanding of the probative value of the lawsuit list.  As part of the plaintiffs' claim, they must prove bad faith on Allstate's part, and a pattern of deliberate behavior could give rise to an inference of bad faith, upon which plaintiffs may rely.[1]

---

[1] Moreover, the cases cited by Allstate do not undermine the magistrate judge's decision.  Instead, they stand for the proposition that the district court enjoys wide discretion in deciding what evidence to permit at trial.  For example, in Johnson v. Ford Motor Co., 988 F.2d 573, 577-80 (5th Cir. 1993) (per curiam), cited by Allstate, the district court decided not to allow a list of lawsuits and claims against Ford Motor Co. to be admitted during a products-liability trial that involved an allegedly defective 1983½ Escort.  The court of appeals concluded that the district court properly exercised its discretion in disallowing the lawsuit list because none of the lawsuits involved a 1983½ Ford Escort; indeed, most of the other lawsuits involved different models made in different years.  See id. at 578-79 & n.2.  The magistrate judge's decision, however, is appropriately limited as modified.  The Interrogatory seeks only Hurricane Katrina-related claims, and only those filed in Jefferson Parish, a specific geographical area directly connected to the plaintiffs' claim of bad faith refusal to tender an insurance claim resulting from Hurricane Katrina.  Moreover, Allstate retains its prerogative to object to any evidence that the plaintiffs may later seek to introduce at trial.

The magistrate judge's order, as modified, is also not unduly burdensome.  Allstate claims it has "no capability to search its database by zip code or address of the insured location to create a list of lawsuits filed against it by Jefferson Parish Homeowners resulting from Hurricane Katrina."  Instead, Allstate claims that the "only business record" it maintains is a list "of every homeowner suit filed in Louisiana," that "identifies only the parish in which the suit was filed, regardless of where the property at issue is located."  This, however, is all that the modified order directs: a list of Hurricane Katrina-related homeowner's claims filed in Jefferson Parish. See Mag. J.'s Jan. 8, 2007 Order 3 ("[The plaintiffs] further indicated they would narrow the request to Allstate producing a lawsuit list of only homeowner's *claims* in Jefferson Parish resulting from Katrina.") (emphasis added); Pls.' Mem. in Opp'n to Def.'s Mot. for Recons. 2 ("Allstate's own Affidavit clearly states that they keep a listing of each lawsuit filed, broken down by the parish in which the suit was filed.  This clearly shows they could produce a listing of the lawsuits filed against them in Jefferson Parish, as ordered by the Court . . . .").

The Court thus concludes that the magistrate judge was not clearly erroneous in finding that Interrogatory Number 5, as modified, could lead to admissible evidence regarding how Allstate acted in response to the filing of lawsuits against it, which could

establish a component of the plaintiffs' bad-faith claim.  In addition, the magistrate judge was not clearly erroneous in concluding that the production of the lawsuit list would not be unduly burdensome because the order as modified accommodates Allstate's record-keeping practices.

Accordingly, the defendant's motion is DENIED.

New Orleans, Louisiana, January 31, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE