UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAWRENCE TROY TOMLINSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:   06-0617** |
| **ALLSTATE INDEMNITY COMPANY** | **SECTION: "F" (4)** |

### ORDER

Before the Court is **Allstate's Motion for Reconsideration (doc. # 73)** filed by the defendant, Allstate Indemnity Company, seeking this Court's reconsideration of an order. The plaintiffs filed an opposition memorandum.

**I.      Factual and Procedural Background**

On January 17, 2006, Lawrence Tomlinson and Elizabeth Bowman Tomlinson, individually and on behalf of their two minor children, brought an action against Allstate Indemnity Company in the Twenty Fourth Judicial District, Jefferson Parish, alleging that Allstate acted in bad faith pursuant to Louisiana state law by not tendering their claim. The plaintiffs allege that their house located at 17 Madewood Drive, Marrero Louisiana, suffered extensive wind damage from Hurricane Katrina. On February 9, 2006, Allstate removed the claim to this Court, alleging complete diversity among the parties and an amount in controversy in excess of $75,000.00.

The Tomlinsons propounded a set of interrogatories and requests for production of documents on Allstate on October 26, 2006. Allstate responded to the discovery on November 22, 2006.

Unsatisfied with the responses, the Tomlisons filed a motion to compel which was heard by expedited hearing on December 13, 2006.

Specifically related to this motion is this Court's ruling on Interrogatory Number 5. This interrogatory sought the number of claims and the number of lawsuits made with Allstate resulting from the damages caused by Hurricane Katrina. It sought the type of claim made, the name and address of the claimant, whether any lawsuit was filed as a result of the claim, and the record number of each suit and the present status of the suit. Allstate objected to the interrogatory as overbroad, vague, unduly burdensome, and irrelevant. It then provided the number of dwelling claims as well as the amount paid by Allstate.

During the hearing the Tomlinsons argued that a list of the lawsuits of homeowner's claims filed against Allstate is relevant to proving bad faith because it could show how Allstate has handled other claims made against them resulting from Katrina. They further indicated they would narrow the request to Allstate producing a lawsuit list of only homeowner's claims resulting from Katrina for property located in Jefferson Parish. Allstate argued that even if the request was limited to homeowner's claims in Jefferson Parish, such a request was still not relevant.

This Court concluded that the limited request could lead to admissible evidence because how Allstate acted in response to the filing of lawsuits could tend to prove a bad faith claim under Louisiana law. The Court then granted the motion to compel on this issue. Allstate then filed a motion seeking an expedited hearing for the subject motion to reconsider.

This Court granted the motion to expedite and further ordered that Allstate provide certain information to the Court relevant to its motion. Allstate complied and provided the information requested.

**II.    Standard of Review**

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider. *See Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5 Cir.1985). However, the Fifth Circuit has treated motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending upon the time at which the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5 Cir.1990). In this case, the motion was filed within ten days of this Court's decision and is therefore considered a motion to alter or amend judgment under Rule 59(e). *See id.*

Courts in this District have used this standard when ruling on motions to reconsider non-dispositive pre-trial motions. *See Seneca Resources Corp. v. Superior Diving Co., Inc.*, CIV.A.05-250, 2006 WL 2568053 (Sep. 5, 2006) (analyzing motion to reconsider the denial of summary judgment under Rule 60(b) because it was filed after ten days of the entry of an order); *Harveston v. Falcon Workover Co., Inc.*, CIV.A.96-4172, 1998 WL 166209, (E.D.La. April 8, 1998) (analyzing motion to reconsider trial continuance under Rule 59(e)); *Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equipment Resource,* CIV.A.03-1496, 2004 WL 1488665 (E.D.La. June 30, 2004) (analyzing motion to reconsider this Court's conclusion about whether certain documents are privileged under the Rule 59(e) standard). Thus, although the Rule speaks in terms of judgment, courts use the same standard when reconsidering pre-trial non-dispositive motions.

A court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly and should not be used to relitigate old matters, raise new arguments, or present evidence that should have been raised in the earlier motion. A court can entertain a motion for reconsideration if the moving party satisfies at least one of the following four criteria: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice;

or (4) the motion is justified by an intervening change in the controlling law. *Gregg v. Weeks Marine, Inc.*, CIV.A.99-1586, 2000 WL 802865, at * 2 (E.D.La. May 26, 2000).

**III.    Analysis**

Allstate contends that this Court's order is based on both a manifest error of law and fact. This Court deals with these in turn.

    **A.    Error of Law**

Allstate first argues that this Court's order is based on a manifest error of law because courts routinely disallow evidence of other lawsuits into evidence because of their faint probative value and high potential for prejudice. It thus contends that because other courts do not admit such evidence at trial, this Court incorrectly ordered the production of the list during discovery.[1]

However, Allstate misunderstands the broader nature of relevancy during discovery as opposed to trial. As is well-settled, relevancy is broadly construed and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter in the action or if there is any possibility that the information sought may lead to the discovery of admissible evidence. *See* FED.R.CIV.P. 26(b)(1); *Beach v. City of Olathe*, 2000 WL 960808, *2 (D. Kan. 2000).

The stricter standard of admissibility urged by Allstate is simply not applicable to discovery. Thus, because Allstate has failed to indicate a manifest of error of law in this case, it has not provided this Court with sufficient basis to reconsider its ruling.

    **B.    Error of Fact**

Allstate contends that producing such a list is overly burdensome because it does not maintain

---

[1] The Tomlinsons do not address this argument in their opposition memorandum.

a list of suits identified by property location, rather it maintains a list of lawsuits by parish in which the lawsuit was filed regardless of the property location.  Thus, a Jefferson Parish property owner, originally suing in Federal Court, would be identified as originating in Orleans Parish, where the Eastern District of Louisiana sits.

It contends that this Court made an error of fact because the Court assumed producing such a list by property location was possible.  In support of its claim that producing such a lawsuit is not possible, it provided an affidavit from Sherry Lawrence.  Lawrence's affidavit indicated that she is a Front Line Process Expert and worked at Allstate for twenty one years.  She indicated that the only list maintained by Allstate is a list identifying the parish were the suit was filed.  She further indicated that Allstate did not have the capability to search its database by zip code or address.

In response, this Court ordered that Allstate provide a supplemental memorandum detailing whether Lawrence is knowledgeable about Allstate's IT and systems, whether any request was made to Allstate's IT or systems department, and if any such request was made, the details surrounding the request.

Allstate indicated that Lawrence is knowledgeable about Allstate's IT and systems department because she worked in IT and systems for two years during her twenty-one-year employment with Allstate.  It further indicated that based on this experience she has knowledge of the mainframe system and the search capabilities of the IT department and systems home office.  Lawrence contends that there are no data entry fields for property location by parish and thus, no way to run a search for property location by parish.  She  further indicated that because there is no data entry field for property location by parish, no request was ever made to the IT or systems department.   The Tomlinsons contend that Allstate has provided lists to various District Judges of this Court indicating the pending cases before each District Judge.  They contend that because Allstate can provide such

a list to one section of the Court it must be able to provide a listing by property location.

The parties misconstrue this Court's previous order which stated that Allstate must "produc[e] a lawsuit list of only homeowner's claims in Jefferson Parish resulting from Katrina." This order clearly contemplates the production of homeowner claims filed in Jefferson Parish resulting from Hurricane Katrina. If any a suit is filed in state court in Jefferson Parish and then removed, a record will remain in state court thus creating a list all claims in Jefferson Parish resulting from Hurricane Katrina.

There is no dispute that Allstate can produce such a list. Thus, because Allstate has failed to demonstrate a mistake of fact, the motion for reconsideration based on this ground is denied.

Accordingly,

**IT IS ORDERED** that Allstate's **Motion for Reconsideration (doc. # 73)** is **DENIED**.

**IT IS FURTHER ORDERED** that Allstate provide the list to the plaintiffs by February 8, 2007.

New Orleans, Louisiana, this  5th  day of February, 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**